UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHESAPEAKE APPALACHIA, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> RUSSELL E. BURKETT and GAYLE BURKETT, <br><br> Defendants. | Case No. _____ <br><br> (Judge _____) |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Chesapeake Appalachia, L.L.C. ("Chesapeake" or "Plaintiff"), by and through its undersigned counsel, alleges for its complaint as follows, upon knowledge as to its own acts and upon information and belief as to all other matters:

### INTRODUCTION

1.  This is an action for a declaratory judgment and injunctive relief against Russell and Gayle Burkett (collectively, "the Burketts" or "Defendants"). The Burketts commenced an arbitration against Chesapeake before the American Arbitration Association ("AAA"), asserting claims related to their oil and gas lease ("Lease") with Chesapeake (the "AAA Arbitration").

2. The Burketts have styled the AAA Arbitration as a "class" arbitration in which they purport to assert claims on behalf of themselves and a putative class of thousands of Pennsylvania landowners who have entered into leases with Chesapeake that are similar to the Burketts' Lease with Chesapeake. A copy of the Burketts' Arbitration Demand is attached as Exhibit A.

3. Chesapeake has consistently disputed and continues to dispute that the Burketts can arbitrate any claims on behalf of other lessors or on a class basis pursuant to their Lease.

4. The question of whether the Burketts may arbitrate claims on behalf of other lessors or on a class basis pursuant to their Lease has been raised both in the Burketts' AAA Arbitration and in *Demchak Partners Limited Partnership v. Chesapeake Appalachia, L.L.C.*, No. 3:13-cv-02289-MEM (M.D. Pa.), now pending before District Judge Mannion.

5. The Burketts are not parties in *Demchak*. In *Demchak*, the Burketts have moved to intervene and to compel arbitration, and Chesapeake has explained in *Demchak* that intervention is improper and that questions of class arbitrability are for a court to decide. In the event the Court denies the Burketts' motion to intervene in *Demchak*, questions of class arbitrability will no longer be pending before the Court. Accordingly, Chesapeake has initiated this action to ensure that

2

questions of class arbitrability are addressed by this Court, regardless of the outcome on the Burketts' motion to intervene in *Demchak*.

6. In this action, Chesapeake asks this Court to issue two declarations. *First*, Chesapeake asks this Court to declare that the Court, not arbitrators, is to decide whether class arbitration is available pursuant to the Burketts' Lease. *Second*, Chesapeake asks this Court to declare that class arbitration is not available pursuant to the Burketts' Lease.

7. With respect to the first requested declaration, questions of arbitrability—such as whether class arbitration is available—are for courts to decide absent clear and unmistakable evidence that the parties intended to submit the question to arbitrators.

8. Since the *Demchak* case and the Burketts' arbitration were initiated, this precise legal issue has been presented and decided by the U.S. Court of Appeals for the Sixth Circuit, which squarely held that whether class arbitration is available is for a court, not an arbitration panel, to decide absent clear and unmistakable evidence that the parties intended to submit the question to arbitrators. *See Reed Elsevier, Inc. v. Crockett*, 734 F.3d 594, 598-99 (6th Cir. 2013).

9. The Burketts' Lease does *not* provide clear and unmistakable evidence of intent to submit the question of class arbitrability to arbitrators. Accordingly, the question must be decided by a court.

10. Similar to the plaintiff in *Reed Elsevier,* Chesapeake is thus seeking a declaration that the Court, not the arbitrators in the AAA Arbitration, is to decide whether class arbitration is available pursuant to the Burketts' Lease.

11. With respect to the second requested declaration, the arbitration provisions in the Burketts' Lease, upon which the Burketts base their AAA Arbitration Demand, by their plain terms, do *not* authorize arbitration on a class basis. Accordingly, the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"), bars the Burketts from seeking to compel class arbitration, and the AAA (and any arbitrator appointed by the AAA) lacks power to conduct such an arbitration.

12. Chesapeake thus asks this Court to declare that the Burketts are precluded, by law, from pursuing any claims in arbitration on behalf of any purported class.

13. Chesapeake is also seeking further necessary and proper relief pursuant to 28 U.S.C. § 2202 in the form of injunctive relief enjoining the Burketts from pursuing class claims in arbitration.

## PARTIES

14. Plaintiff Chesapeake Appalachia, L.L.C. is a limited liability company organized and existing under the laws of the State of Oklahoma, with its principal place of business located in Oklahoma City, Oklahoma. It is a wholly-owned subsidiary of Chesapeake Energy Corporation. For the purposes of this action, Chesapeake is a citizen of Oklahoma pursuant to 28 U.S.C. §1332(d)(10).

15. Defendants Russell and Gayle Burkett, upon information and belief, reside at 412 Reber Road, Ulster, PA 18817. The Burketts are owners of property, including gas interests, in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a), based on the diversity of citizenship of the parties. The amount in controversy, exclusive of costs and interests, exceeds $75,000.

17. This Court has personal jurisdiction over Defendants because, *inter alia*, the Burketts are residents of and owners of property, including gas interests, in the Commonwealth of Pennsylvania, and the Burketts initiated an AAA Arbitration related to their leased gas interests in Pennsylvania.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and transactions giving rise to the claims occurred in the Commonwealth of Pennsylvania and in this District.

## FACTS

### The Relationship Between Chesapeake And The Burketts

19. In 2008, the Burketts entered into a Lease with Chesapeake in which they, as lessors, leased certain of their gas interests in Pennsylvania to Chesapeake, as lessee. A true and correct copy of this Lease is attached hereto as Exhibit B.

20. The Lease contains provisions setting out the method for calculating royalties, including a "Market Enhancement Clause."

21. Thousands of Pennsylvania lessors have similar Market Enhancement Clauses. The *Demchak* case, like the Burketts' arbitration, concerns the payment of royalties pursuant to the Market Enhancement Clause.

22. Pursuant to this Lease, the Burketts have received royalties from Chesapeake on gas produced by Chesapeake.

### The Burketts' Arbitration Claims

23. On April 1, 2013, the Burketts filed their AAA Arbitration Demand, asserting claims related to their Lease with Chesapeake and the calculation of royalties thereunder. A copy of this AAA Arbitration Demand is attached hereto as Exhibit A.

24. In their AAA Arbitration Demand, the Burketts challenge Chesapeake's calculation of royalties owed to them. In particular, the Burketts claim that, pursuant to the "Market Enhancement Clause" in their Lease, their

6

royalty payments may not be reduced by a pro rata share of certain post-production costs incurred. *See* Ex. A ¶¶ 26-27.

25. The Burketts, in their AAA Arbitration Demand, purport to represent a putative class "of Landowners, constituting property owners and oil and gas rights owners in the Marcellus and Utica Shale Regions, and other natural gas producing regions, of Pennsylvania who have entered into similar Gas Leases with [Chesapeake]." *Id.* ¶ 5.

26. The Burketts' allegation that class action arbitration is proper, or that arbitrators are to decide whether class arbitration is proper, is limited to a single sentence of their Arbitration Demand: "The arbitrators are the appropriate persons to certify this class action." *Id.* ¶ 38.

27. A hearing to address the question of who decides class arbitrability is currently scheduled on January 22, 2014 before the AAA Arbitration Panel.

**The Arbitration Provisions In The Burketts' Lease**

28. The Burketts base their alleged right to bring a "class" arbitration on their Lease with Chesapeake. A copy of the Lease is attached hereto as Exhibit B.

29. The Burketts' Lease contains two arbitration provisions: one in the Lease, and one in the addendum to the Lease. The Lease provides that the addendum controls to the extent it is inconsistent with any provision, including the arbitration provision, in the Lease. *See* Ex. B at Addendum.

7

30. The first arbitration provision contained in the Lease provides:

> In the event of a disagreement between Lessor and Lessee concerning this Lease, performance thereunder, or damages caused by Lessee's operations, the resolution of all such disputes shall be determined by arbitration in accordance with the rules of the American Arbitration Association. All fees and costs associated with the arbitration shall be borne equally by Lessor and Lessee.

*Id.* at 2.

31. The second arbitration provision, which is in the addendum to the Lease, provides:

> Any claim, controversy or dispute arising between the parties which relates in anyway, directly or indirectly, to this Lease (a "Dispute") will be submitted to and finally resolved by, binding arbitration. There shall be three disinterested arbitrators, one thereof to be appointed by Lessor, one by the Lessee and the third by the two so appointed as aforesaid, and the award of such collective group shall be final and conclusive. Arbitration … shall be conducted at the county seat of the county where the leased premises is located. Lessee shall pay all Lessor's costs and fees, including reasonable attorney's fees incurred by the Lessor in connection with any Dispute or Arbitration in which Lessor prevails.

*Id.* at Addendum ¶ 11.

32. Neither arbitration provision mentions "class" arbitration.

33. Both arbitration provisions contemplate only individual arbitration.

34. By its terms, and as a matter of law, the Burketts' Lease does not authorize the Burketts to commence any "class" arbitration or to assert claims in arbitration on behalf of any other landowner.

35. Chesapeake never agreed to submit the question whether the Burketts' may proceed with a "class" arbitration to an arbitration panel. The Burketts' Lease provides no clear and unmistakable evidence to the contrary.

36. The Burketts' Lease requires that the Court, not arbitrators, decide whether class action arbitration is available because Chesapeake does not agree to submit such questions to arbitration, through its Lease with the Burketts or otherwise.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202)**

37. Chesapeake repeats and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

38. An actual and justiciable controversy exists between Chesapeake and Defendants concerning the question of *who* decides whether "class" arbitration is available pursuant to the Burketts' Lease—the Court or arbitrators.

39. Chesapeake is entitled to a declaration that, as a matter of law, the Court—not arbitrators—must decide the class arbitrability question because Chesapeake did not agree, through its Lease with the Burketts or otherwise, to submit such questions to arbitration.

40. Chesapeake is also entitled to necessary and proper relief, pursuant to 28 U.S.C. § 2202, in the form injunctive relief barring Defendants from further

seeking to have an AAA Arbitration Panel decide the question of class arbitrability.

41. WHEREFORE, Chesapeake respectfully requests judgment as follows:

    (i) a declaration that the Court, not arbitrators, must decide whether class action arbitration is available pursuant to the parties' Lease; and

    (ii) an order enjoining Defendants from continuing to submit this class arbitrability question to the AAA Arbitration Panel; and

    (iii) an order awarding such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202)

42. Chesapeake repeats and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

43. An actual and justiciable controversy exists between Chesapeake and Defendants concerning the arbitrability of the putative class claims that Defendants have brought in the AAA Arbitration.

44. Chesapeake is entitled to a declaration that, as a matter of law, Defendants are precluded from pursuing arbitration of any claims on behalf of any

purported class, in the AAA Arbitration or in any other arbitration, because Chesapeake did not agree to, and the parties' Lease does not authorize, the arbitration of disputes on a "class" basis.

45. Chesapeake is also entitled to necessary and proper relief, pursuant to 28 U.S.C. § 2202, in the form of an injunction barring Defendants from continuing to pursue any class claims, in the AAA Arbitration or other arbitration, because Chesapeake did not agree to, and the parties' Lease does not authorize, the arbitration of disputes on a class basis.

46. WHEREFORE, Chesapeake respectfully requests judgment as follows:

> (i) a declaration that Defendants are precluded from pursuing against Chesapeake, in the AAA Arbitration or in any other arbitration, any claims in arbitration on behalf of any purported class; and
>
> (ii) an order enjoining Defendants from continuing to pursue against Chesapeake, in the AAA Arbitration or in any other arbitration, the arbitration of any claims on behalf of any purported class; and
>
> (iii) an order awarding such other and further relief as the Court deems just and proper.

Dated:  December 20, 2013

Respectfully submitted,

*/s/ Daniel T. Brier*
Daniel T. Brier
Myers, Brier & Kelly LLP
425 Spruce St. Suite 200
Scranton, PA 18501
Tel: (570) 342-6100
Fax: (570) 342-6147

Daniel T. Donovan (*pro hac vice* forthcoming)
Ragan Naresh (*pro hac vice* forthcoming)
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
Tel: (202) 879-5000
Fax: (202) 879-5200

*Attorneys for Chesapeake Appalachia, L.L.C.*