**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**CHESAPEAKE APPALACHIA, LLC,**     :

    **Plaintiff**     :     **CIVIL ACTION NO. 3:13-3073**

    **v.**     :     **(MANNION, J.)**

**RUSSELL E. BURKETT and**     :
**GAYLE BURKETT,**
                                                         :
    **Defendants**
                                                          :

**M E M O R A N D U M**

Pending before the court are: (1) Chesapeake's motion to vacate an order of the American Arbitration Association, ("AAA"), panel dated January 28, 2014, finding that the panel had the authority to decide in the first instance whether the instant action can proceed as a class arbitration. (Doc. 25); and (2) Chesapeake's motion to vacate an order of the AAA panel dated September 11, 2014, finding again that the panel had the authority to determine class arbitrability in the first instance and that the arbitration clause at issue did not preclude arbitration from proceeding on a class basis, (Doc. 38). Based upon the court's review of the motions and related materials, the motions will be denied.

By way of relevant background, on April 1, 2013, the Burketts filed a putative class arbitration before the AAA asserting claims arising from Chesapeake's royalty payments to Pennsylvania landowners who had leased their oil and gas rights to Chesapeake. See Burkett v. Chesapeake Energy Corp., AAA No. 14 115 00436 13. The issue arose as to who must decide class arbitrability, the court or the AAA panel. The Burketts argued that the

matter should be decided by the AAA panel. Chesapeake argued that the court, not an arbitrator, should decide the issue of class arbitrability and, as such, the Burketts should not be allowed to proceed with their arbitration on a class basis. The AAA panel ordered briefing on the issue and, on January 28, 2014, issued a ruling in which it indicated that "the Panel has determined, on the basis of the written submissions by the parties, that it has the authority to decide in the first instance whether this action can proceed as a class arbitration." (Doc. 25, Ex. 2). The AAA panel proceeded to order additional briefing on the issue of whether the parties agreed to resolve their dispute through class arbitration, i.e., the "clause construction". (Id.).

On February 5, 2014, Chesapeake filed its motion to vacate the AAA panel's order of January 28, 2014, again arguing that the issue of class arbitrability is one for the court, not an arbitrator. (Doc. 25). A brief in support of the motion was filed on February 19, 2014, (Doc. 26). The defendants filed a brief in opposition to Chesapeake's motion to vacate on March 5, 2014. (Doc. 27). Chesapeake filed a reply brief on March 19, 2014. (Doc. 28)[1].

On July 30, 2014, the United States Court of Appeals for the Third Circuit issued a precedential opinion in Opalinski v. Robert Half Int'l Inc., ___ F.3d ___, 2014 WL 3733685 (3d Cir. July 30, 2014), in which it held that

---

[1] The parties agree that the substantive issue in the initial motion to vacate is the same as that raised in Chesapeake's motion for summary judgment on Count I of the instant action, which was filed with the court on December 23, 2013. (Doc. 4). Thus, any ruling on the motion for summary judgment would necessarily dispose of the instant motion as well.

2

the availability of classwide arbitration is a substantive 'question of arbitrability' to be decided by a court absent clear agreement otherwise. In light of this opinion, Chesapeake requested the AAA panel to reconsider its finding that it had the authority in the first instance to decide the issue of class arbitrability.

On September 11, 2014, the AAA panel issued a "Partial Final Clause Construction Award" in the Burketts' case. (Doc. 36). In its decision, the AAA panel reconsidered whether it had the authority to determine class arbitrability in the first instance in the wake of the Third Circuit's opinion in Opalinski and, if it did, whether the arbitration clause in the Burketts' case permits their arbitration to proceed on a class basis. As to the first issue, the AAA panel reaffirmed its initial decision concluding that it had the authority to decide class arbitrability and finding the Third Circuit's opinion in Opalinski to be distinguishable. As to the second issue, the AAA panel concluded that the parties' arbitration agreement did not preclude class treatment. Under Rule 3 of the Supplementary Rules for Class Actions of the American Arbitration Association, the AAA panel stayed its award for thirty days to permit judicial review.

On September 16, 2014, Chesapeake filed its motion to vacate the AAA panel's decision of September 11, 2014. (Doc. 38), along with a brief in support thereof, (Doc. 39). The Burketts' filed a brief in opposition to the second motion to vacate on September 30, 2014. (Doc. 41).

Pursuant to the Federal Arbitration Act, ("FAA"), a party can move to vacate an arbitration ruling that is contrary to federal law. See 9 U.S.C. §§6,

3

10, 12. The FAA identifies the limited circumstances under which a district court may vacate an arbitration award. An award may only be vacated where (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption by the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of a party to the arbitration; or (4) the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. See 9 U.S.C. §10(a)[2]. Only the last ground is at issue in this case.

In considering a motion to vacate, it is not enough to show that the arbitrator committed an error or even a serious error. See Stolt–Nielsen S.A. v. AnimalFeeds International Corp., 559 U.S. 662 (2010). Moreover, "[i]t is irrelevant whether the courts agree with the arbitrator's application and interpretation of the agreement." Arco–Polymers, Inc. v. Local 8–74, 671 F.2d 752, 755 (3d Cir. 1982). As long as an arbitrator's decision can in any rational way be derived from the language and context of the agreement, that determination shall not be disturbed. See Roberts & Schaefer Co. v. Local 1846, United Mine Workers, 812 F.2d 883, 885 (3d Cir. 1987). "It is only when

---

[2]Chesapeake argues that the AAA panel's awards are to be reviewed *de novo*. An arbitrator's determination of a matter of arbitrability is reviewed *de novo* absent clear and unmistakable evidence that the parties wanted an arbitrator to resolve the dispute. Oxford Health Plans LLC v. Sutter, 133 S.Ct. 2064, 2068 n.2 (2013). By separate memorandum issued this same day addressing Chesapeake's motion for summary judgment, the court has found that there exists clear and unmistakable evidence that the parties intended the arbitrators to decide the issue of class arbitrability.

[an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." Major League Baseball Players Assn. v. Garvey, 532 U.S. 504, 509 (2001) (quoting United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960)).

As to the matter now before the court, as discussed above, while Chesapeake's initial motion to vacate was awaiting consideration by this court, on July 30, 2014, the United States Court of Appeals for the Third Circuit issued the Opalinski decision. In Opalinski, the Third Circuit held that "[b]ecause of the fundamental differences between classwide and individual arbitration, and the consequences of proceeding with one rather than the other, we hold that the availability of classwide arbitration is a substantive 'question of arbitrability' to be decided by a court absent clear agreement otherwise." Id. at *1. See also Id. at *9 ("We now hold that whether an agreement provides for class arbitration is a 'question of arbitrability' to be decided by the District Court."). Having found the "who decides" issue is a question of arbitrability, the Third Circuit went on to state that "[i]t is presumed that courts must decide questions of arbitrability '*unless the parties clearly and unmistakably provide otherwise.*'" Id. at *7 (emphasis added) (quoting Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002)).

As previously noted, by way of a separate memorandum and order dated this same day addressing Chesapeake's motion for summary judgment on Count I of the instant action, the court determined that there is clear and

5

unmistakable evidence that the parties intended to have the AAA panel decide the issue of class arbitrability. Thus, the court finds that the AAA panel had the authority in the first instance to decide the matter of class arbitrability and the panel's order of January 28, 2014, so finding will not be vacated. Chesapeake's initial motion to vacate will therefore be denied.

As to the AAA panel's order of September 11, 2014, to the extent that Chesapeake challenges the AAA panel's reaffirmation of its finding regarding its authority to decide class arbitrability in the first instance, for the reasons set forth above, Chesapeake's second motion to vacate will be denied.

The court will also deny Chesapeake's motion to vacate with respect to the AAA panel's finding that the Burketts' lease does not preclude class treatment. To this extent, the only question before the court is whether the AAA panel exceeded its authority in determining that the agreement at hand does not preclude class arbitration. In making its determination, the AAA panel determined that language similar to that in the present lease agreement has been construed by arbitrators to permit class arbitration and has been affirmed by the courts. (Doc. 36, p. 9) (discussing Oxford Health Plans LLC v. Sutter, ___ U.S. ___, 133 S.Ct. 2064 (2013).

In addition, utilizing applicable contract construction principles, the AAA panel considered other lease provisions, including that the agreement provides that all disputes be determined in accordance with the rules of the AAA, which included the Supplementary Rules for Class Arbitrations. The panel reasoned that by agreeing to arbitrate according to these rules, the

6

parties were not being forced to arbitrate substantive class disputes, but had, in fact, agreed to do so. Furthermore, the panel noted that, while Chesapeake had carved out other limitations to the agreement, notably a clause dictating that the lease would be construed against termination or forfeiture and limiting damages in such a case, there was no class action waiver provision.

The panel rejected Chesapeake's argument that the lease provisions which indicated that the agreement was "between the parties" precluded class treatment because a class action necessarily involves more parties than the signatories to the agreement. In doing so, the panel found that such a finding would preclude class treatment in virtually every arbitration. The panel further rejected Chesapeake's argument that the fee shifting provisions demonstrated an intent to proceed on an individualized basis, stating that the fee provisions pointed in both directions with the prevailing lessors being entitled to legal fees whether they sued as individuals or as a class.

In addition to the above, the panel considered extrinsic evidence again indicating that Chesapeake did not include class action waivers in any of its leases even after the Supreme Court's case in AT&T Mobility LLC v. Concepcion, 131 S.Ct. 1740 (2011), when it was clear that it could have done so.

In considering the AAA panel's Partial Final Clause Construction Award, the court cannot find that the AAA panel exceeded its authority. The panel considered the language of the arbitration clause at issue and relied upon basic contract interpretation principles in coming to its conclusion. Upon

review, the analysis of the AAA panel demonstrates at least arguable interpretation of the lease agreement and, as such, must be given considerable deference. See Oxford, 133 S.Ct. at 2068.

In light of the foregoing, an appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION
United States District Judge**

**Date: October 17, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-3073-03.wpd